**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARS AREA SCHOOL DISTRICT and SOUTH SIDE AREA SCHOOL DISTRICT, | ) ) ) | CIVIL ACTION |
| | ) | Case No.:  24-cv-1396 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE PENNSYLVANIA SCHOOL BOARDS ASSOCIATION, | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT FOR DECLARATORY RELIEF**

**<u>INTRODUCTION</u>**

1.     This case involves a copyright dispute between the Defendant, the Pennsylvania School Boards Association ("**PSBA**"), and two Plaintiff Pennsylvania Public School Districts, Mars Area School District ("**MASD**") and South Side Area School District ("**SSSD**") (collectively referred to herein as "**Plaintiffs**"), regarding school board policies authored or required by law and legislatively approved by their Boards of School Directors.

2.     The PSBA has improperly asserted copyright ownership of publicly adopted legislative acts of the Plaintiffs, i.e. their public policies.

3.     By Cease-and-Desist Letters (the "**C&D Letters**") dated September 6, 2024, PSBA asserted copyright ownership of Plaintiffs' policies, and annotations, threatening suit and asserting "its valuable intellectual property." True and correct copies of the C&D Letters sent to both MASD and SSSD are attached hereto and made a part hereof as Exhibits "1" and "2," respectively.

4.     PSBA asserts rights, and threatens actions, that do not exist, nor are authorized under the law, with respect to the districts' policies, and annotations, as if more fully set forth herein.

5.      The United States Supreme Court has "recognized a limitation on copyright protection for certain government work product, rooted in the Copyright Act's 'authorship' requirement." *Georgia v. Pub..Resource.Org, Inc.*, 590 U.S. 255, 259, 140 S. Ct. 1498, 1504 (2020).

6.      "Under what has been dubbed the government edicts doctrine, officials empowered to speak with the force of law cannot be the authors of—and therefore cannot copyright—the works they create in the course of their official duties." *Id.*

7.      "Instead of examining whether given material carries 'the force of law,' the court asks only whether the author of the work is a judge or a legislator." *Id.* at 275.

8.      "If so, then whatever work that judge or legislator produces in the course of his judicial or legislative duties is not copyrightable" under the government edicts doctrine. *Id.*

9.      "A careful examination of our government edicts precedent reveals a straightforward rule based upon the identity of the author." *Id.* at 263.

10.      "Under the government edicts doctrine…legislators—may not be considered the 'authors' of the works they produce in the official course of their official duties as [] legislators." *Id.*

11.      "That rule applies regardless of whether a given material carries the force of law [, and] it applies to the annotations here because they are authored by an arm of the legislature in the course of its official duties." *Id.*

12.      "Founded in 1895, PSBA is a private, nonprofit membership association dedicated to serving Pennsylvania's elected school board directors."[1]

---

[1] https://www.psba.org/about-psba/ (last visited October 3, 2024).

13.    One of the services that PSBA provides to Pennsylvania Public School Districts is its "Policy Services."[2]



**Policy Services**

PSBA's Policy Services team offers support by tracking and researching state and federal laws, regulations, and court decisions related to the school board's governance responsibilities in order to help members stay up to date with the myriad of requirements for education in the state of Pennsylvania.

14.    As stated above, PSBA recently sent the Plaintiffs the C&D Letters on September 6, 2024, threatening to sue the Plaintiffs. *See* Exhibits "1" and "2," respectively.

15.    The C&D Letters contend, that "former PSBA subscribers are not permitted to continue to use the PSBA Materials once their subscription is terminated." *See* Exs. 1 and 2, p. 1.

16.    The C&D Letters further contend, that "once a district terminates its agreement with PSBA, that district may no longer use the PSBA materials and it must, among other things, develop its own policies." *Id.*

17.    The C&D Letters further content that, and that district policies authored and approved by the district through PSBA's policy services are copyright protected by PSBA. *Id.*

---

[2] https://www.psba.org/our-impact/ (last visited October 3, 2024).

18.     PSBA's policy services are not copyright protected.

## PARTIES

19.     Plaintiff, Mars Area School District, is a Pennsylvania Public School District organized and existing in accordance with the provisions of the Pennsylvania Constitution and the laws of the Commonwealth of Pennsylvania with its administrative offices located in the United States District Court for the Western District of Pennsylvania at 545 Route 228, Mars, Butler County, Commonwealth of Pennsylvania 16046.[3]

20.     Plaintiff, South Side School District, is a Pennsylvania Public School District organized and existing in accordance with the provisions of the Pennsylvania Constitution and the laws of the Commonwealth of Pennsylvania with its administrative offices located in the United States District Court for the Western District of Pennsylvania at 4949 State Route 51, Hookstown, Beaver County, Commonwealth of Pennsylvania 15050.[4]

21.     Defendant, Pennsylvania School Boards Association, is a domestic nonprofit corporation organized and existing in accordance with the laws of the Commonwealth of Pennsylvania with its corporate offices located at 400 Bent Creek Boulevard, Mechanicsburg, Cumberland County, Commonwealth of Pennsylvania 17050.

## JURISDICTION AND VENUE

22.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 17 U.S.C. 17 § 101.

23.     This Court has jurisdiction to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201. *See* 28 U.S.C.S. § 2201 (LexisNexis, Lexis Advance through Public Law 118-82, approved September 20, 2024).

---

[3] https://www.marsk12.org/ (last visited October 3, 2024).
[4] https://www.sssd.k12.pa.us/ (last visited October 3, 2024).

24.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## APPLICABLE LAW

**A.     The Copyright Act.**

25.     Section 102 of the Copyright Act, 17 U.S.C. 17 § 101, et seq., states in pertinent

part as follows:

> (a) Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories:
>
> > (1) literary works;
> > (2) musical works, including any accompanying words;
> > (3) dramatic works, including any accompanying music;
> > (4) pantomimes and choreographic works;
> > (5) pictorial, graphic, and sculptural works;
> > (6) motion pictures and other audiovisual works;
> > (7) sound recordings; and
> > (8) architectural works.
>
> (b) In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

*See* 17 U.S.C.S. § 102 (LexisNexis, Lexis Advance through Public Law 118-82, approved September 20, 2024).

26.     Section 8 of the Notes of Decisions of Section 102 of the Copyright Act, entitled,

"Particular works," references *Georgia, supra* stating:

> [the] Copyright Act's protection for "original works of authorship" does not extend[] to annotations contained in Georgia's official annotated code; because Georgia's annotations are authored by [an] arm of [the] Legislature in course of its legislative duties, [and that the] government edicts doctrine puts them outside [the] reach of copyright protection.

17 U.S.C.S. § 102 (LexisNexis, Lexis Advance through Public Law 118-82, approved September

20, 2024) (citing *Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498, 206 L. Ed. 2d 732, 2020

U.S.P.Q.2d (BNA) 10419, 2020 U.S. LEXIS 2529 (2020)).

27.    Section 19 of the Notes of Decisions of Section 102 of the Copyright Act, entitled,

"Statutes and judicial opinions," states:

> Annotations in the Official Code of Georgia Annotated (OCGA)
> were sufficiently law-like, given their creation under the authority
> of the Legislature's Code Revision Commission and their hallmarks
> of legislative process, so as to be properly regarded as a sovereign
> work; the annotations therefore were not copyrightable.

*Code Revision Comm'n v. Public.Resource.Org, Inc.*, 906 F.3d 1229, 27 Fla. L. Weekly Fed. C

1461, 128 U.S.P.Q.2d (BNA) 1338, 2018 U.S. App. LEXIS 29511 (11th Cir. 2018), *cert.*

*granted*, 139 S. Ct. 2746, 204 L. Ed. 2d 1130, 2019 U.S. LEXIS 4284 (2019), *aff'd*, 140 S. Ct.

1498, 206 L. Ed. 2d 732, 2020 U.S.P.Q.2d (BNA) 10419, 2020 U.S. LEXIS 2529 (2020).

**B.    Pennsylvania School Boards are Legislative Bodies.**

28.    The Pennsylvania Constitution provides that, "[t]he General Assembly shall

provide for the maintenance and support of a thorough and efficient system of public education to

serve the needs of the Commonwealth." *See* Pa. Const. Art. III, § 14.

29.    Further, the Pennsylvania Constitution provides that: "[t]he Legislature shall have

power to classify counties, cities, boroughs, school districts, and townships according to

population, and all laws passed relating to each class, and all laws passed relating to, and regulating

procedure and proceedings in court with reference to, any class, shall be deemed general legislation

within the meaning of this Constitution." *See* Pa. Const. Art. III, § 20.

30.    Section 2-211 of the Pennsylvania Public School Code of 1949 (the "**School**

**Code**") states, "[t]he several school districts in this Commonwealth shall be, and hereby are vested

as, bodies corporate, with all necessary powers to enable them to carry out the provisions of [the

School Code].” *See* 24 Pa. Stat. Ann. § 2-211 (LexisNexis, Lexis Advance through 2024 Regular Session Act 92; P.S. documents are current through 2024 Regular Session Act 74).

31.    Section 3-301 of the School Code states, “[t]he public school system of the Commonwealth shall be administered by a board of school directors, to be elected or appointed…” *See* 24 Pa. Stat. Ann. § 3-301 (LexisNexis, Lexis Advance through 2024 Regular Session Act 92; P.S. documents are current through 2024 Regular Session Act 74).

32.    Section 4-407 of the School Code states, “[e]ach board of school directors may adopt reasonable rules and regulations for its government and control.” *See* 24 Pa. Stat. Ann. § 4-407 (LexisNexis, Lexis Advance through 2024 Regular Session Act 92; P.S. documents are current through 2024 Regular Session Act 74).

33.    Section 5-507 of the School Code states in pertinent part as follows:

> the board of school directors in each school district is hereby vested with all the necessary authority and power annually to levy and collect, in the manner herein provided, the necessary taxes required, in addition to the annual State appropriation, and shall have, and be vested with, all necessary power and authority to comply with and carry out any or all of the provisions of this act…

*See* 24 Pa. Stat. Ann. § 5-507 (LexisNexis, Lexis Advance through 2024 Regular Session Act 92; P.S. documents are current through 2024 Regular Session Act 74).

34.    Section 5-510 of the School Code states in pertinent part as follows:

> [t]he board of school directors in any school district may adopt and enforce such reasonable rules and regulations as it may deem necessary and proper, regarding the management of its school affairs and the conduct and deportment of all superintendents, teachers, and other appointees or employes[sic] during the time they are engaged in their duties to the district, as well as regarding the conduct and deportment of all pupils attending the public schools in the district, during such time as they are under the supervision of the board of school directors and teachers, including the time necessarily spent in coming to and returning from school.

*See* [24 Pa. Stat. Ann. § 5-510 (LexisNexis, Lexis Advance through 2024 Regular Session Act 92;](#)

[P.S. documents are current through 2024 Regular Session Act 74)](#).

35.     Section 5-510.2 of the School Code states in pertinent part as follows:

The board of school directors of a school district shall post on its publicly accessible
Internet website the following rules, regulations and policies to the extent that are
required to be adopted by the school district under Federal or state law:

(1) The following relating to students:
        (i) Admission of beginners.
        (ii) Attendance, excusals and truancy.
        (iii) Withdrawal from school.
        (iv) Student discipline.
        (v) Suspension and expulsion of students.
        (vi) Searches.
        (vii) Audio interception on school buses or school vehicles for disciplinary or
security persons.
        (viii) Retention, maintenance and access to student records.
        (ix) Use of personal electronic devices.
        (x) Dress and grooming.
        (xi) Student complaint process.
        (xii) Parent appeal of a school district's placement of twins or multiple birth
siblings.
        (xiii) Participation by home school students in school district extracurricular
activities.

(2) The following relating to educational programs:
        (i) Curriculum review by parents and students.
        (ii) Promotion and retention.
        (iii) Graduation requirements.

(3) The following relating to student health:
        (i) Communicable diseases and immunization.
        (ii) Health examinations and screenings.
        (iii) Student use of medications.
        (iv) The school district's wellness policy.

(4) The following relating to school property:
        (i) Use of school property and facilities.
        (ii) School visitation policies.
        (iii) Integrated pest management plan.

(5) The following relating to community:
        (i) Public participation in school board meetings.

(ii) Public attendance at school events.

(iii) Parental involvement policy for parents and guardians of students participating pursuant to section 1118 of the Elementary and Secondary Education Act of 1965 (Public Law 89-10, 20 U.S.C § 6318).

(iv) Public access to and use of school district buildings, facilities and grounds.

(v) Public complaint process.

*See* 24 Pa. Stat. Ann. § 5-510.2 (LexisNexis, Lexis Advance through 2024 Regular Session Act 92; P.S. documents are current through 2024 Regular Session Act 74).

36.    Section 5-515 of the School Code states, "[i]n every school district the board of school directors shall continue to have and possess, all the powers, rights, and privileges, not inconsistent with this act …" 24 Pa. Stat. Ann. § 5-515 (LexisNexis, Lexis Advance through 2024 Regular Session Act 92; P.S. documents are current through 2024 Regular Session Act 74).

37.    Section 6-602 of the School Code states, "[a]ll taxes required by any school district, in addition to the State appropriation, shall be levied by the board of school directors therein." 24 Pa. Stat. Ann. § 6-602 (LexisNexis, Lexis Advance through 2024 Regular Session Act 92; P.S. documents are current through 2024 Regular Session Act 74).

## FACTUAL BACKGROUND

**A.    MASD's Historical Involvement with PSBA.**

38.    Pennsylvania Public School Boards are authorized by the Legislature to perform Legislative functions and do so regarding the adoption of policies in every school district in this Commonwealth.

39.    MASD was formally a member of PSBA from 2005 until 2010.

40.    MASD rejoined PSBA in 2014.

41.    MASD was a member of PSBA from 2014 until 2018.

42.    MASD left PSBA again in 2018.

43.     MASD currently hosts its district policies on its website.[5]

44.     MASD does not use the platform commonly known as, "BoardDocs."[6]

45.     On or around, August 2023, MASD was presented with, and executed, a document called "PSBA POLICY MAINTENANCE PROGRAM PARTICIPATION AGREEMENT") (the "**MASD Participation Agreement**"). *See* Ex. 1, p. 13.

46.     MASD's only remedy is to seek declaratory relief to prevent imminent, ongoing, and continuing violations of law by PSBA.

**B.      SSSD's Historical Involvement with PSBA.**

47.     SSSD has formally been a member of PSBA up until this year (2024).

48.     On or around, July 2021, SSSD was presented with, and executed, a document called "PSBA POLICY MAINTENANCE PROGRAM PARTICIPATION AGREEMENT" (the "**SSSD Participation Agreement**"). *See* Ex. 2, p. 13.

49.     SSSD ended its subscription on or around June 28, 2024. *See* Ex. 2, p. 1.

50.     SSSD's only remedy is to seek declaratory relief to prevent imminent, ongoing, and continuing violations of law by PSBA.

**C.      The C&D Letters.**

51.     On or around, September 6, 2024, PSBA sent MASD and SSSD the C&D Letters. *See* Ex. 1 and 2.

52.     The C&D Letters state that, "[d]uring the term of the [Plaintiffs'] subscription to the program, the [Plaintiffs] enjoyed access to, and the right to use, a library of materials which are owned and curated exclusively by the PSBA (the "**PSBA Materials**")." *Id.* at p. 1.

---

[5] https://www.marsk12.org/apps/pages/index.jsp?uREC_ID=1259013&type=d&pREC_ID=1480505    (last    visited October 2, 2024).
[6] https://boarddocs.com/ (last visited October 2, 2024).

53.     The C&D Letter goes on to state, "[t]he PSBA Materials include PSBA's policy guides, which contain hundreds of templates setting forth recommended policy language developed by PSBA to assure that the governmental responsibilities of school entities that can be fulfilled in a manner that reflects recommended practices and complies with legal standards and limitations." *Id.*

54.     Instead, the Plaintiffs are the legislative body responsible for contemplating, considering, and passing school district policies.

55.     In that regard, it is the School Code that is authoritative, not PSBA. *See* 24 Pa. Stat. Ann. § 1-101 (LexisNexis, Lexis Advance through 2024 Regular Session Act 63; P.S. documents are current through 2024 Regular Session Act 63).

56.     As enumerated above, the School Code dictates that the school board, not the PSBA, creates and adopts policies for individual districts, and in this case, MASD and SSSD and their school boards, act as legislative bodies consistent with both Federal and Pennsylvania law.

57.     PSBA was contracted by the Plaintiffs to assist in the formulation of policies, and as such, was merely the entity recommending legislative language or policies which thereafter required the Plaintiffs to legislatively adopt such policies or variations thereof.

58.     Such polices are the property of the citizens of the districts and are not owned by nor may they be copyrighted by either the districts or the districts' hired consultant, PSBA.

**D.     The SCOTUS Decision in *Georgia v. Pub..Resource.Org, Inc.* Demands that this Court Declare PSBA's Actions are Inconsistent with Applicable Law.**

59.     "The animating principle behind this rule is that no one can own the law." *Georgia v. Pub..Resource.Org, Inc.*, 590 U.S. 255, 265, 140 S. Ct. 1498, 1507 (2020).

60.    "Because judges are vested with the authority to make and interpret the law, they cannot be the 'author' of the works they prepare 'in the discharge of their judicial duties.'" *Georgia v. Pub..Resource.Org, Inc.*, 590 U.S. 255, 265, 140 S. Ct. 1498, 1507 (2020).

61.    "Under the government edicts doctrine, judges—and, we now confirm, legislators—may not be considered the 'authors' of the works they produce in the course of their official duties as judges and legislators." *Georgia v. Pub..Resource.Org, Inc.*, 590 U.S. 255, 263, 140 S. Ct. 1498, 1506 (2020).

62.    "That rule applies regardless of whether a given material carries the force of the law." *Id.*

63.    The PSBA does not own, nor may it copyright, the policies promulgated by the Plaintiffs.

64.    To the contrary, the laws, or policies, may not be "owned" by either party to this action.

**E.    This Honorable Court Must Declare the Participation Agreements Void *Ab Initio*.**

65.    The Participation Agreements are void on their face.

66.    Notably, the Participation Agreements contemplate continued participation in the Policy Maintenance Program; however, they were signed without consideration of any kind.

67.    Specifically, the Participation Agreements state, in pertinent part, "YOUR election to continue participating in the Policy Maintenance Program and if selected, the Administrative Regulations Program, is indicated annually when YOU select them from among **optional** programs and services listed on the PSBA membership dues invoice and pay the associated fees specified on the invoice." *See* Exs. 1 and 2, p. 4.

68.     It follows then, that termination of the Participation Agreements, or non-election of the optional programs and services, terminate the Agreement.

69.     The Participation Agreements are legally deficient and unenforceable since the PSBA cannot own that material pursuant to the government edicts doctrine and as set forth herein.

70.     Any such attempt to copyright or control the use of the policies as exerted by PSBA is illegal and renders the aforesaid agreements void *ab initio*.

**F.      These Issues are Ripe and are Justiciable before this Court.**

71.     The C&D Letters represent an actual controversy before the Court.

72.     PSBA has threatened to sue the districts and to seek damages from them while asserting impermissible claims of ownership of the policies of the districts.

73.     The Plaintiffs have no adequate remedy at law and necessitate a declaration from this Court.

<u>**COUNT I**</u>
***Plaintiffs v. Defendant***
**Declaratory Judgment**

74.     Plaintiffs incorporate the foregoing paragraphs as though the same were fully set forth at length herein.

75.     28 U.S.C.S. § 2201 provides, "[i]n a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *See* 28 U.S.C.S. § 2201 (LexisNexis, Lexis Advance through Public Law 118-82, approved September 20, 2024).

76.     "Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.*

77.     Here, PSBA has threatened both MASD and SSSD in the C&D Letters without the legal authority to do so claiming a copyright interest in Plaintiffs' policies.

78.     PSBA has also elected to try to enforce Participation Agreements that are unenforceable, unconscionable, and void *ab initio*.

79.     The Plaintiffs have no adequate remedy at law and require a declaration from this Court to protect the districts from action threatened by PSBA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Mars Area School District and South Side Area School District, pray for declaratory judgment and thereafter injunctive relief, against the Defendant, the Pennsylvania School Boards Association as follows:

     a.     to declare that PSBA has no legal claim to ownership of the policies of MASD or SSSD;

     b.     to declare that PSBA has no legal claim to the annotations to the policies of MASD or SSSD;

     c.     to declare that the PSBA claims in the C&D Letters are unenforceable;

     d.     to declare that the Participation Agreements are unenforceable and void;

     e.     award costs and expenses, including reasonable attorneys' fees;

     f.     MASD and SSSD further seek a speedy hearing pursuant to Federal Rule of Civil Procedure 57; and

     g.     such other relief as this Court deems appropriate.

Respectfully Submitted,

**DILLON, MCCANDLESS, KING,
COULTER & GRAHAM, LLP**

Dated: October 3, 2024                  By: /s/ Jordan P. Shuber
                                        Thomas W. King, III
                                        PA. I.D. No. 21580
                                        tking@dmkcg.com
                                        Michael D. Hnath
                                        PA. I.D. No. 64276
                                        mhnath@dmkcg.com
                                        Jordan P. Shuber
                                        PA. I.D. No. 317823
                                        jshuber@dmkcg.com

                                        128 West Cunningham Street
                                        Butler, PA 16001
                                        Telephone: 724-283-2200
                                        Fax: 724-283-2298

                                        *Counsel for Plaintiffs Mars Area School
                                        District and South Side Area School District*